PER CURIAM:
Claimant’s brother, Douglas Scott Parsley, brought this action for vehicle damage which occurred when the Claimant’s 1995 Volkswagen Passat struck debris on 1-77 north before the Fairplain Exit in Jackson County.[20] 1-77 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 1:00 p.m. on November 6, 2009. At the time of the incident, Douglas S. Parsley testified that he was driving to Ripley on 1-77 north at between sixty-five and sixty-eight miles per hour when the vehicle struck what Claimant thought was a hole or debris from a hole in the middle of the road near mile marker 128. Since Mr. Parsley was unable to see a hole in the roadway, he could not state with certainty what the vehicle struck. As a result of this incident, Claimant’s vehicle sustained damage to two tires in the amount of $401.40.
The position of the Respondent is that it did not have actual or constructive notice of a hazard on 1-77 north near- mile marker 128 prior to this incident. Joseph E. Weekley, Crew Supervisor I for Respondent at the Sissonville Headquarters, testified that he was performing routine maintenance on 1-77 and checking for road hazards on the day of this incident. Mr. Weekley recalled seeing the Claimant’s vehicle stopped on the side of the road with two flat tires. He stated that there were no holes in this area, but he saw metal debris and wood pallets on the road that could have fallen from a vehicle. Mr. Weekley stated that he picked the debris off the road. Mr. Weekley testified that Respondent did not have notice of the debris prior to this incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent did not have prior notice of a hazard near mile marker 128 on 1-77. According to Mr. Weekley’s testimony, there were no holes at this location. Although Claimant’s vehicle could have struck debris on the road, Respondent did not have notice of the debris prior to this incident. Thus, there is insufficient evidence of negligence on the part of Respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.

 Although Cathy Parsley Hunter was not present at the hearing of this matter, the Court amended the style of the claim to reflect that she was the owner of the vehicle during the time of the incident.